**Fort Dearborn National Bank of Chicago, Defendant in Error, v. John Hobrecker, Jr., Plaintiff in Error.**

### Gen. No. 21,122.

MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense in action on written guaranty insufficient.* In an action to recover on a written guaranty of the payment of five promissory notes, it is proper to strike an affidavit of defense admitting default in the payment of one note and liability thereon, but alleging that the other notes sued on were not at the time the action was commenced

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

due according to their terms, where it appears that defendant's written guaranty provided that in case any of such notes "shall not be paid promptly at the time when it falls due" plaintiff might "enforce payment of all sums of money due upon said notes or either or any of them," and where a deed of trust given to secure such notes provided that "in case of default in the payment of said * * * notes or any part thereof, * * * at the time and in the manner above specified * * * then in such case the whole of said principal sum * * * shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable," since the language of defendant's agreement in such case provided for a recovery against him on all the notes, whether due or not according to their terms.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 31, 1916.

CUSTER & CAMERON, for plaintiff in error; JOHN M. CAMERON, of counsel.

GUERIN & BARRETT, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

March 27, 1912, defendant Hobrecker executed to the plaintiff bank a collateral instrument of guaranty, wherein he requested and authorized the bank to extend to the Modern Stove Company such credit as it from time to time should make application for, and promised and agreed that in case the bank should at any time purchase of or discount for the said Stove Company any note or notes, etc., or advance to it in any manner any money upon any account, to pay the same, and guarantied full payment at maturity of any .such note or notes, etc., provided that he should not be called upon to pay by virtue thereof more than $30,000 in the aggregate. April 15, 1914, the Stove Company made and delivered to the bank its four promissory notes of that date, for $5,000 each and one

for $1,000, and on that date executed to Frank M. Forrey a trust deed to secure said notes, and also another note of said Stove Company, payable to defendant, for $48,953.46. On the same day defendant executed and delivered to the plaintiff bank an agreement in writing reciting the guarantying by him of certain notes of the Stove Company and the making of the guaranty of March 27, 1912, and further reciting that both he and the Stove Company desired an extension of time to be given the Stove Company to pay its indebtedness to the bank, and reciting the making and delivering to himself of said note for $48,953.46, and that the bank had extended the time for the payment of said indebtedness, and further reciting the transfer to the bank, as collateral security for said indebtedness, said note for $48,953.46, and whereby he further agreed as follows:

"*Third.* In case any of the said five notes described in said trust deed, four of them being for five thousand dollars and the other for one thousand dollars, shall not be paid promptly at the time it falls due, or if at any time the said Modern Stove Company shall commit any act of bankruptcy, or shall be sued in any court by any person holding any claim against the said Company, then the said Fort Dearborn National Bank, or any assignee, transferee or endorsee from said Bank may demand payment immediately upon the said demand note, and may sell the same at public or private sale upon giving seven days' notice by mail, or may immediately foreclose upon the said trust deed or may take any other action which it, he or they may deem necessary in any court to protect its interests, and enforce payment of all sums of money due upon the said notes or either or any of them."

The sole ground of reversal argued is that the judgment is erroneous except as to the amount due on the first note, because the other notes had not matured at the date judgment was entered. In the brief of plaintiff in error his position is stated as follows:

"The question presented here is this: Is a guaran-

tor who has made himself liable for payment of notes at maturity bound to pay them at an earlier date, if they are declared due before maturity by the holder under authority of a separate agreement between the maker and the holder of the notes? We contend for the negative of this question, and claim that, except as to the first note, the action against the plaintiff in error was premature.''

The trust deed contained a provision that, ''in case of default in the payment of said six promissory notes or any part thereof, or the interest thereon or any part thereof, at the time and in the manner above specified for the payment thereof * * * then in such case the whole of said principal sum and interest secured by said six promissory notes shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable.'' A partial payment of the first note was made subsequently. The defendant admitted his liability for the remainder of that note, past due by its terms at the time of the commencement of the suit, and denied liability for payment of the remaining notes on the ground that he was not liable upon them until they should become due by their terms. The court struck out the affidavit of defense and entered judgment for the plaintiff for the full amount claimed on all five notes without hearing or receiving any evidence except the plaintiff's affidavit of claim. The defendant excepted to the striking out of the affidavit of defense and to the entry of the judgment and brings the case to this court for review.

There is an agreement in the trust deed that ''if default be made in the payment of said six promissory notes or any part thereof . * * * then in such case the whole of said principal sum and interest secured by said six promissory notes shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable,'' and the further agreement in the instrument executed by defendant April 15, 1914, that in case any of said five notes shall not be

paid promptly at the time it falls due, or if the Stove Company shall at any time commit any act of bankruptcy, then the bank may take any other action which it may deem necessary in any court to protect its interests and enforce payment of all sums of money due upon said notes or either or any of them,—both of which contingencies had arisen at the time the suit was begun; and a right of recovery on all the notes was, by the language used and employed by defendant in the instrument signed by him, provided for.

The judgment of the Municipal Court is affirmed.

*Affirmed.*